Filed 7/3/24  P. v. Turner CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B333268 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA179907) |
| v. | |
| MOSES LEE TURNER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Craig E. Veals, Judge.  Affirmed.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Moses Lee Turner appeals from the trial court's order denying his petition for resentencing pursuant to Penal Code section 1170.95.[1]  We affirm.

On May 18, 2001, a jury convicted defendant of one count of first degree murder (§ 187, subd. (a)) and two counts of second degree robbery (§ 211).  For the murder count, the jury found true the allegations that a principal was armed with a firearm (§12022, subd. (a)(1)), and that defendant committed the murder while engaged in the commission of a robbery (§ 190.2, subd. (a)(17)).  The jury also found true the allegation that for each robbery, a principal was armed with a firearm (§ 12022, subd. (a)(1)).

On December 16, 2002, a panel of this division affirmed defendant's conviction.  (*People v. Turner* (Dec. 16, 2002, B152074 [nonpub. opn.] (*Turner I*).)

On February 7, 2019, defendant filed a petition for resentencing pursuant to section 1172.6.  Defendant checked a number of boxes on a preprinted petition indicating, among other things, that he had been convicted of first or second degree murder at trial under a felony murder rule or the natural and probable consequences doctrine; that he was not the actual killer; and that he requested the appointment of counsel.  He further attached a memorandum of points and authorities that challenged his underlying conviction on the grounds that:  the photographic display was unduly suggestive; the trial court erred

---

[1]     All further statutory references are to the Penal Code.
Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6 with no change in text.  (Stats. 2022, ch. 58, § 10.)  Further references will be to the statute's current section number only.

2

in allowing a particular witness to identify him from a surveillance video; prior counsel was ineffective; and California's determinate sentencing scheme violated his Sixth Amendment rights. (*People v. Turner* (June 16, 2020, B300228 [nonpub. opn.] (*Turner II*).)

The trial court appointed counsel to represent defendant and the Los Angeles County District Attorney filed an opposition to defendant's petition. (*Turner II, supra*, B300228)

On July 15, 2019, defense counsel and the prosecutor appeared at a hearing, at which the trial court "stated that the petition did not appear to be well taken because defendant was the actual killer. It asked defense counsel whether defendant wished to have any further proceedings on the petition. Counsel stated defendant would submit on the petition that day. The prosecutor also submitted on the record." The court denied the petition. (*Turner II, supra*, B300228.)

On June 16, 2020, a panel of this division affirmed the trial court's order denying defendant's resentencing petition. It held the "court did not err in concluding that defendant was not entitled to resentencing pursuant to section [1172.6] because the record demonstrated that he was the actual killer and could thus be convicted of first or second degree murder even after changes made to section 188 or 189, effective January 1, 2019." (*Turner II, supra*, B300228.)

On September 7, 2022, defendant filed a second petition for resentencing. Defendant checked boxes on a preprinted petition indicating, among other things, that a complaint, information, or indictment had been filed against him that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or

3

another theory under which malice was imputed to him based solely on his participation in a crime, or attempted murder under the natural and probable consequences doctrine; that he had been convicted of murder, attempted murder, or manslaughter following a trial or he accepted a plea in lieu of a trial at which he could have been convicted of murder or attempted murder; that he could not presently be convicted of murder or attempted murder due to changes made to sections 188 and 189 effective January 1, 2019; and that he requested the appointment of counsel. On the preprinted petition, defendant wrote, "*People v. Strong*."[2]

On July 20, 2023, the trial court denied defendant's petition without appointing counsel and outside of defendant's presence. It ruled, "[Defendant] has yet again filed a petition for resentencing under . . . section 1172.6. As the court ruled on multiple occasions, [defendant] is not entitle[d] to relief under the statute because he was the actual killer. (See . . . section 189, subd. (e)(2).) He therefore was not convicted of murder on a theory of imputed malice or by an improper application of the felony murder rule following the recent amendments to . . . sections 188 and 189."

We appointed counsel to represent defendant on appeal. On February 22, 2024, counsel filed an opening brief in which counsel did not identify any arguable issues and requested that we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). On February 23, 2024, we notified defendant that appointed counsel had filed an opening brief that did not raise any issues and defendant had 30 days within which

---

[2]     Defendant's appellate counsel suggests this is a reference to *People v. Strong* (2022) 13 Cal.5th 698.

4

to submit a supplemental brief or letter stating any grounds for an appeal, contentions, or arguments that he wished us to consider.

On March 11, 2024, defendant filed a supplemental brief raising issues that concern the trial of his underlying conviction—e.g., the manner in which the jury deliberated, incompetent witness identification, and insufficient evidence—and that do not address his eligibility for resentencing under section 1172.6. Accordingly, we reject defendant's issues. (See, e.g., *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438, fn. omitted [section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error"].) Finally, although we have discretion to review independently the entire record, we have limited our review to the issue raised in defendant's supplemental brief. (*Delgadillo, supra,* 14 Cal.5th at p. 232 [where the defendant's attorney finds no arguable issues in an appeal from the denial of a section 1172.6 petition and the defendant files a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion," but it is "wholly within the court's discretion" whether to conduct an independent review of the entire record].)

## DISPOSITION

The order denying defendant's section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM, J.


We concur:


BAKER, Acting P. J.


MOOR, J.

6